◼ STERN FAMILY LIMITED PARTNERSHIP, Respondent, v A.T.I. MODEL PRODUCTS, INC., Appellant. [767 NYS2d 838]—

In an action, inter alia, to recover unpaid rent, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered October 22, 2002, which, after a nonjury trial, and upon a finding that the plaintiff was entitled to keep a security deposit in the sum of $17,735, awarded the plaintiff the additional principal sum of $12,036.

Ordered that the judgment is reversed, on the facts, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a recalculation of damages consistent herewith and the entry of an appropriate amended judgment.

On November 1, 1988, the plaintiff's predecessor, Joseph Stern, as landlord, entered into a lease with the defendant, as tenant, of certain commercial real property. The lease commenced on November 1, 1988, and expired on April 14, 1995. Pursuant to the lease, the defendant deposited the sum of $17,735 with the plaintiff's predecessor as a security deposit. The lease further provided that the defendant was required to pay real estate taxes as "additional rental."

On or before April 1, 1994, the defendant vacated the property. Thereafter, the plaintiff commenced the instant action to recover unpaid rent and other charges in the amount of $58,164.55. The defendant counterclaimed alleging, inter alia, that it was entitled to certain credits and to the return of the security deposit.

Following a nonjury trial, the Supreme Court, inter alia, determined that the plaintiff was entitled to keep the entire se-

curity deposit of $17,735. Further, upon applying certain credits in favor of the defendant, the court awarded the plaintiff the additional sum of $12,036.

The Supreme Court erred in its calculation of the real estate taxes owed by the defendant for the period of time from December 1993 to November 1994. In determining the amount due for such taxes, the court should have utilized the actual taxes owed, as reflected in the certified records of the Suffolk County Treasurer, which were placed into evidence by the defendant.

Under the circumstances of this case, the Supreme Court should have applied the security deposit to offset the actual damages owed by the defendant. Thus, the damages awarded against the defendant should be reduced by the amount of the security deposit, and any balance thereof should be returned to the defendant (see *Prudential Westchester Corp. v Tomasino,* 5 AD2d 489, 493 [1958], *affd* 6 NY2d 824 [1959]).

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for recalculation of damages as indicated herein, and the entry of an appropriate amended judgment. McGinity, J.P., Luciano, Schmidt and Rivera, JJ., concur.